Vacated and remanded by Supreme Court
on November 16, 1998.

**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CEASAR WRIGHT,
Plaintiff-Appellant,

v.

UNIVERSAL MARITIME SERVICE
CORPORATION; STEVENS SHIPPING &
TERMINAL COMPANY; STEVEDORING

No. 96-2850

SERVICES OF AMERICA; RYAN-WALSH,
INCORPORATED; STRACHAN SHIPPING
COMPANY; CERES MARINE TERMINALS,
INCORPORATED; SOUTH CAROLINA
STEVEDORES ASSOCIATION,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-96-165-2-18-AJ)

Argued: July 7, 1997

Decided: July 29, 1997

Before WILKINSON, Chief Judge, and WILKINS and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ray P. McClain, Charleston, South Carolina, for Appel-
lant. Charles Archibald Edwards, Raleigh, North Carolina, for Appel-

lees. **ON BRIEF:** Jeffrey M. Hahn, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ceasar Wright sued the South Carolina Stevedores Association ("SCSA") and six of its individual members alleging violations of the Americans with Disabilities Act. The district court, relying on Austin v. Owens-Brockway Glass Container, 78 F.3d 875 (4th Cir. 1996), dismissed the case because Wright had failed to submit his claim to arbitration as required by the collective bargaining agreement ("CBA") between the SCSA and Wright's union. On appeal, Wright argues that Austin is inapplicable because the CBA here does not specifically address ADA claims. This contention is meritless. An arbitration agreement need not list every possible dispute between the parties in order to be binding. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991). To hold otherwise would directly contradict Supreme Court precedent and the strong federal policy favoring arbitration. Accordingly, we affirm the judgment of the district court.

I.

Ceasar Wright worked as a longshoreman in Charleston, South Carolina from 1970 to 1992. On February 18, 1992, he was injured at work. Consequently, Wright filed suit for benefits under the Longshore and Harbor Workers' Compensation Act, and his employer, Stevens Shipping Company, settled the claim for $250,000. During the course of this suit, Wright represented that he had been totally and permanently disabled.

On January 2, 1995, Wright appeared at the hiring hall of the Local 1422 of the International Longshoreman's Association ("the union"),

2

claiming that he was ready and able to return to work. Wright presented a note from his physician, Dr. Howard Brilliant, which stated that he could return to full duty.

From January 2 through January 11, 1995, the union referred Wright to four different stevedoring contractors. Initially, none of these employers objected to Wright's work. However, when the companies discovered that Wright had earlier received a settlement for total and permanent disability, they, both individually and acting through their multi-employer collective bargaining representative the SCSA, advised the union that Wright would no longer be accepted for employment referral. The SCSA maintained that under the CBA, Wright was not qualified to work due to his total and permanent disability.

The union responded with a letter disputing the SCSA's interpretation of the CBA. However, neither Wright nor the union ever filed a formal grievance under the CBA's arbitration procedure, and the union advised Wright to pursue a statutory claim under the Americans with Disabilities Act. Wright then filed this suit against the SCSA and six of its individual members.

The case was referred to a magistrate judge who, citing Austin v. Owens-Brockway Glass Container, 78 F.3d 875 (4th Cir. 1996), recommended the case be dismissed because Wright had failed to submit his claim to arbitration as required by the CBA. The district court adopted this position over Wright's objections. Wright now appeals.

II.

In Austin, this court established that collective bargaining agreements to arbitrate employment disputes are binding upon individual employees even when the dispute involves a federal cause of action. 78 F.3d at 885. Where such an agreement exists, a failure to process a claim under the agreement precludes a court from exercising jurisdiction over the merits of the claim. Id. Wright did not submit his claim to arbitration. Thus, under Austin, the only issue in this case is whether there was an agreement to arbitrate ADA claims in the CBA between Wright's union and the SCSA.

3

The arbitration clause at issue is particularly broad. The clause states that the "Union agrees that this Agreement is intended to cover all matters affecting wages, hours, and other terms and conditions of employment." However, Wright contends that since the agreement does not specifically address ADA claims it cannot be binding here.

We are unpersuaded. An employer need not provide a laundry list of potential disputes in order for them to be covered by an arbitration clause. For example, in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991), the Supreme Court held that a plaintiff was required to submit his ADEA claim to arbitration where the arbitration agreement covered "any dispute, claim or controversy." Id. at 23. The language of the CBA at issue in this case is equally broad, covering "all matters" regarding "terms and conditions of employment." This language easily encompasses Wright's ADA claim. A narrower interpretation of the agreement would fly directly in the face of both the ADA's statutory preference for arbitration, 42 U.S.C. § 12212, and the strong federal policy favoring alternative dispute resolution, see Moses H. Cone Memorial Hospital v. Mercury Construction Co., 460 U.S. 1, 24-25 (1983).

Under Austin, Wright must submit his claim to arbitration. Wright, however, contends that we should remand this case so that the district court may retain jurisdiction to monitor the arbitration process. We decline this invitation. Austin does not require a district court to retain jurisdiction once a case is dismissed for failure to exercise arbitral remedies. Indeed, the district court precisely followed Austin's instruction that a claim that has not been properly submitted to arbitration should be dismissed without prejudice and without any opinion on "the merits of the claim, or whether or not the same is subject to arbitration." 78 F.3d at 886. Those issues are for the arbitrators, and the district court's disposition of this case was entirely proper.

III.

For the foregoing reasons we affirm the judgment of the district court.

AFFIRMED

4